UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:13-cv-1182-JTM-CAN |
| | ) | |
| DAVID L. CANELL, Deceased, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

On October 27, 2014, Defendant, the Estate of David L. Canell, filed his Petition for

Contempt Order.  In its order, the Estate sought a court order holding non-party Anthony F.

Tavitas of the Law Office of Anthony F. Tavitas ("Mr. Tavitas") in contempt for failure to

produce documents responsive to the Estate's subpoena issued on August 21, 2014.  On July 30,

2015, the Estate's petition motion was referred to the undersigned for a report and

recommendation pursuant to 28 U.S.C. § 636(b)(1)(c).

Plaintiff, Allstate Insurance Company ("Allstate"), hired Mr. Tavitas to defend the Estate

in an underlying state court tort action (*Angela Campoli v. David L. Canell, Deceased, et al.*,

Cause Number 20C01-1309-CT-00148), which arose from an incident at Canell's home that

Allstate alleges, in this declaratory judgment action, was not covered under Canell's

homeowner's policy.  In this action, the Estate has filed a bad faith counterclaim against Allstate

about Mr. Tavitas's representation in the state court case.  Through its subpoena to Mr. Tavitas,

the Estate "sought primarily evidence relevant to the bad faith counterclaim against Allstate."

Doc. No. 58 at 2.  As of October 27, 2014, Mr. Tavitas had not complied with the subpoena.

Consequently, the Estate filed the instant petition asking the Court to order Mr. Tavitas to (1)

produce all documents relating to the underlying state court lawsuit, and (2) cooperate in confirming that all responsive communications were produced. *Id*. at 7. The Estate also sought any other sanction deemed appropriate by the Court. *Id.*

In its order dated November 12, 2014, which resolved other discovery disputes between the parties, this Court noted that the petition was not yet ripe and would be addressed when it was. Doc. No. 63 at 1 n.1. In that same order, however, the Court bifurcated this case so that Allstate's coverage issue would be resolved before the Estate's bad faith counterclaim. *Id.* at 7. As a result, all discovery related to the bad faith counterclaim was stayed pending resolution of the motion for summary judgment on the coverage issue. *Id.*

With a stay in place as to the discovery issues raised in the Estate's petition for contempt, the petition was never fully briefed. In addition, the Estate's petition may be moot depending upon how the Phase I coverage issue is ultimately resolved. Moreover, several months have passed during which the nuances of the dispute, addressed in the petition for contempt, may have changed. Therefore, the undersigned now **RECOMMENDS** that the Court **STRIKE** the Estate's petition for contempt. [Doc. No. 58]. The undersigned also **RECOMMENDS** that the Court grant the Estate leave to refile their petition after Phase I of this action related to Allstate's coverage issue is resolved.

> **NOTICE IS HEREBY GIVEN that within fourteen (14) days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings and/or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.**

**SO ORDERED.**

Dated this 5th day of August, 2015.

S/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge